# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

ANDREA DUGAS, )
)
    Plaintiff, )
)
v. ) No. 2:20-cv-603
)
ATLANTIC RECOVERY SOLUTIONS, LLC, )
)
    Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, ANDREA DUGAS ("Plaintiff"), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Wisconsin Consumer Act, WIS. STAT. § 427.101, et seq.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This Court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in City of Milwaukee, Milwaukee County, State of Wisconsin.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and a person or customer as those terms are used in WIS. STAT. §§ 427.105 and 425.304.

9. Plaintiff allegedly owes a debt or a claim as those terms are defined respectively by 15 U.S.C. § 1692a(5) and WIS. STAT. § 427.103(1).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and WIS. STAT. § 427.103(3).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is debt collection agency located in East Amherst, New York.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant

2

sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile, as well as reporting alleged debts to credit reporting bureaus.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-9042, in an attempt to collect the alleged debt.

21. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff's husband, Anthony Dugas, on his telephone number at xxx-xxx-6857, in an attempt to collect the alleged debt from Plaintiff.

22. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff's father-in-law, Jim Dugas, on his telephone number at xxx-xxx-1936, in an attempt to collect the alleged debt from Plaintiff.

23. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff's brother-in-law, Sidney Dugas, on his telephone number at xxx-xxx-9939, in an attempt to collect the alleged debt from Plaintiff.

24. Defendant calls Plaintiff and Plaintiff's relatives from several telephone numbers

3

Case 2:20-cv-00603-LA    Filed 04/13/20    Page 3 of 8    Document 1

including, but not limited to, 716-844-5931, which is one of Defendant's telephone numbers.

25. In or around January 2020, Plaintiff's husband spoke with one of Defendant's collectors and requested for Defendant to stop calling Plaintiff and her relatives.

26. In or around January 2020, Defendant's male collector, George Herkins, left the following voicemail message on Plaintiff's brother-in-law's telephone:

    a. "Hi, this message is solely intended for Andrea Dugas. Andrea, my name is George Herkins, I'm calling you directly from the office of ARS in an attempt to locate you pertaining to a personal (unintelligible). It's been forwarded here to my office under review. I do need a formal statement from either yourself or your power of attorney. Please reach me back at telephone 716-844-5931."

27. Defendant's collector was working within the scope of his employment when communicating with Plaintiff.

28. Defendant's collector is or should be familiar with the FDCPA.

29. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

30. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

31. To date, Defendant has not taken legal action against Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein under Count I of Plaintiff's Complaint.

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural

4

consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant placed collection calls to Plaintiff, Plaintiff's husband and Plaintiff's relatives in a manner that the natural consequence of which was to harass, oppress, and abuse Plaintiff;

b. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant's male collector left a voicemail message for Plaintiff on Plaintiff's brother-in-law's telephone without disclosing the communication was from Atlantic Recovery Solutions;

c. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant's male collector insinuated legal action was taken against Plaintiff when no such action was taken and when Defendant's male collector urged Plaintiff to provide a "formal statement" to Defendant;

e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's male collector failed to disclose the communication is from a debt collector attempting to collect a debt in a voicemail message left for Plaintiff; and

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable

5

means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANDREA DUGAS, respectfully requests that judgment be entered against Defendant for the following:

36. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent violations of the FDCPA, in an amount to be determined at trial;

37. Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

38. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

39. For such other and further relief as the Court may deem just and proper.

## COUNT II:
## DEFENDANT VIOLATED THE WISCONSIN CONSUMER ACT

40. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

41. Defendant violated the Wisconsin Consumer Act. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated WIS. STAT. § 427.104(1)(h) by engaging in other conduct which

can reasonably be expected to harass the customer, when Defendant placed collection calls to Plaintiff, Plaintiff's husband and Plaintiff's relatives in a manner that the natural consequence of which was to harass, oppress, and abuse Plaintiff; and

b. Defendant violated WIS. STAT. § 427.104(1)(l) threatening action against the customer unless like action is taken in regular course or is intended with respect to the particulate debt, when Defendant's male collector insinuated legal action was taken against Plaintiff when no such action was taken and when Defendant's male collector urged Plaintiff to provide a "formal statement" to Defendant.

42. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43. As a result of the foregoing violations of the Wisconsin Consumer Act, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANDREA DUGAS, respectfully requests that judgment be entered against Defendant for the following:

44. Actual damages pursuant to WIS. STAT. §§ 427.105(1) and 427.304(2) including for the emotional distress or mental anguish suffered as a result of both the intentional and/or negligent violations of the Wisconsin Consumer Act, in an amount to be determined at trial;

45. Statutory damages from Defendant pursuant to WIS. STAT. § 427.304(1);

46. Costs and reasonable attorney's fees pursuant to pursuant to WIS. STAT. § 425.308; and

47. For such other and further relief as the Court may deem just and proper.


DATED: April 13, 2020

Respectfully submitted,

AGRUSS LAW FIRM, LLC


By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff